UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHRISTINA MOORE,**<br><br>        Plaintiff,<br>v.<br><br>**CONCORD FINANCE, INC. d/b/a SPEEDY CASH, et al.**<br><br>        Defendants. | Case No: 4:17-cv-00873-DGK |

## PLAINTIFF'S SUGGESTIONS IN SUPPORT OF MOTION TO REMAND

Plaintiff Christina Moore ("Moore") respectfully moves this Court to remand this cause of action for the reasons set forth herein.

### Background

Plaintiff instituted this cause of action against Defendants Concord Finance, Inc. d/b/a/ Speedy Cash ("Concord"), CURO Management LLC ("CURO Management"), CURO Financial Technologies Corp. ("CURO Financial"), CURO Intermediate Holdings Corp. ("CURO Intermediate"), and Christian Porter ("Porter") alleging violations of the Missouri Human Rights Act ("MHRA").

Prior to this lawsuit, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunities Commission ("EEOC"). Ex. B. Plaintiff's charge explicitly named Christian Porter in both the Respondent and Narrative sections. Ex. B. Plaintiff described discrimination she witnessed and personally experienced by all Defendants, including Christian Porter. Ex. B. Plaintiff filed this lawsuit in Jackson County Circuit Court on August 25, 2017. Doc. 1. Plaintiff was issued her EEOC Right to Sue on September 28, 2017. Ex. C. Plaintiff was also issued her MCHR Right to Sue on November 9, 2017. Ex. A.

1

Defendants removed this lawsuit to the present Court, alleging that Porter is a "sham," improper and fraudulent joined defendant. Doc. 1, ¶¶15-16, 20. Defendants allege that pursuant to Missouri Senate Bill 43, the MHRA was amended to bar individual liability, barring litigation against Porter. Doc. 1, ¶17. Defendants further allege Plaintiff's Petition was fraudulently filed because Plaintiff had not received a notice of right to sue as to Defendant Porter. Doc. 1, ¶¶18, 22. Finally, Defendants argue that no possible cause of action has been stated against Porter. Doc. 1, ¶25.

**I.     Defendants' Diversity Argument Fails Because At The Time Plaintiff's Claims Accrued, The Missouri Human Rights Act Provided For Individual Liability.**

The threshold matter here is whether the August 28, 2017 amendment to the MHRA (removing individual liability) should be applied retroactively. It should not, because: (1) the legislature did not manifest a clear intent to do so, and (2) the elimination of individual liability is a substantive right and cannot be applied retroactively.

**A. Legal standard**

As Plaintiff stated in her Suggestions in Opposition to Defendants' Motion to Dismiss, it is well established that the Missouri Constitution prohibits laws that are retrospective in operation. Mo. Const. art. I, §13 ("That no ex post facto law nor law impairing the obligation of contracts or retrospective in operation…can be enacted"). "A law is retrospective *in operation* if it takes away or impairs vested or substantive rights acquired under existing laws or imposes new obligations, duties, or disabilities with respect to past transactions." *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 769 (Mo. banc 2007) (citing *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 340 (Mo. banc 1993)) (emphasis in original).

"There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent to do so, **and** (2) where

the statute is procedural only and does not affect any substantive right of the parties." *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. 1974); *Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656, 660 (Mo. 1986) (nothing that "a statute dealing only with procedure or remedies" may be applied retroactively). "The distinction is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit." *Hess*, 220 S.W.3d at 769.

Further, Defendants have the burden of proving that there is absolutely no possibility that a Missouri court would decide the issue in a manner consistent with Plaintiff in concluding a cause of action against the non-diverse defendant is viable in state court. *See Barnes v. Dolgencorp., Inc.*, 2006 WL 2664443 (W.D. Mo. Sept. 14, 2006); *Cooper v. Albacore Holdings, Inc.*, 204 S.W.2d 238 (Mo. App. E.D. 2006).

**1. The Legislature manifested a clear intent that SB 43 not be applied retroactively.**

This exception fails as Senate Bill 43 did not contain any language manifesting an intent to apply the MHRA amendments retroactively and Defendants can point to no provision in SB 43 that reflects any intent to retroactively apply the amendment. In stark contrast, the clear legislative intent was that the law **not** be retroactive as testified to the House Special Committee on Litigation Reform by the Bill's sponsoring Senator, Gary Romine, when he stated the bill had no retroactivity clause and would not affect the outcome of the current MHRA lawsuit pending against his own business. Further, Senator Romine states on his official Missouri Senate web page that, "SB 43 isn't a means to get around any ongoing litigation involving my business. It is in no way retroactive and therefore doesn't apply to any case opened before the law takes effect."[1]

---

[1] http://www.senate.mo.gov/sen-gary-romines-capitol-update-legislation-to-restore-fairness-balance-to-missouris-employment-discrimination-laws-nearing-finish-line/ - last visited November 7, 2017.

### 2. The clause at issue affects a substantive right of Plaintiff and therefore cannot be retroactive.

The second exception deals only with procedural issues, not present here. If a statutory provision is substantive, then it can only be applied prospectively to cases which "accrued" after the effective dates of the change in the law. *See Goad v. Treasurer of State*, 372 S.W.3d 1 (Mo. App. W.D. 2011). Rights are vested when a person is able to exercise them without any interference from a private person. Blacks Law Dictionary (6th Ed). For purposes of tort law, the right to a remedy vests when the cause of action accrues. *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752 (Mo. 2010). A cause of action "accrues" when the wrongful conduct occurs that gives rise to the damage alleged in the claim (here: March 2017). *Powel v. Chaminade College Prepatory, Inc.*, 197 S.W.3d 576 (Mo. banc 2006); *see also Klotz*, 311 S.W.3d at 760 (statutory change to damage cap could not be applied to a cause of action that accrued prior to the effective date of the law); *State ex rel. St. Louis-S.F.R. Co.*, 515 S.W.2d at 411 (increase in damage cap could not "be applied to acts which occurred when the protection [of the lower cap] was afforded); *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 622-23 (Mo. 2012) (court held that a change to workers' compensation law could not apply to a case based on an injury to an employee that occurred before the effective date of the law).

### B. Analysis

As Plaintiff previously stated in her Suggestions in Opposition to Defendants' Motion to Dismiss, it is undisputed that Plaintiff's claim accrued on March 20, 2017. Citing the August 28, 2017 amendment to the MHRA, removing individual liability, Defendants argue that Defendant Porter was improperly named in Plaintiff's lawsuit, thus creating diversity of citizenship. Doc. 1. At the time Plaintiff's claim accrued, however, the plain language of the MHRA provided for individual liability. Indeed, the MHRA's definition of employer included, "any person directly

4

acting in the interest of any employer." R.S.Mo. §213.010(7). Finally, prior to the August 28, 2017 amendment, the Missouri Supreme Court ruled that an individual can be held personally liable if he is acting directly in the interest of the employer while engaging in discriminatory conduct. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009).

Indeed, Defendants have not and cannot meet their burden to show there is *no possibility* for Defendant Porter to be held liable for state court violations (occurring prior to the August 28, 2017 amendment). Defendant Porter was Plaintiff's District Manager. Doc. 1-2, p. 5. Although Plaintiff was in charge of hiring employees for her store, Plaintiff was unable to hire anyone without Defendant Porter's approval. Doc. 1-2, p. 6. As Plaintiff describes in her Charge of Discrimination and Petition, it became very apparent that Defendant Porter was using discriminatory hiring practices on the basis of age and race in conducting interviews and evaluating employees. Doc. 1-2, p. 2-20. Plaintiff made numerous complaints and was eventually fired as well, just days after her fortieth birthday, due to her age and complaints of race and age discrimination. Doc. 1-2, p. 7-8. It is undisputed that, Plaintiff's claim accrued before the amendment removing individual liability from the MHRA became effective. As discussed, this change in the law is substantive and, therefore, not retroactive.

Accordingly, the elimination of individual liability clearly affects Plaintiff's substantive right of redress for her MHRA claims.[2] Consequently, Plaintiff has the right to sue and, of course, presumably recover damages from Defendant Porter for the reasons stated in her Petition, therefore Porter was not fraudulently joined. In short, a Missouri court undoubtedly would hold that Defendant Porter allegedly engaged in activity that would support a cause of action against him under the pre-amended MHRA, destroying Defendants' diversity argument.

---

[2] See Exhibit D, *Nicholson v. Scavuzzo's Inc., et al.*, 1516-CV22139 (September 21, 2017, Charles H. McKenzie Order refusing to retroactively apply the August 28, 2017, MHRA damage modifications to a pending case).

5

**II. Plaintiff Has Received Her MCHR Right To Sue, Therefore Defeating Defendants' Allegation That Plaintiff Has Not Properly Exhausted Her Administrative Remedies.**

  **A. Legal standard**

As described in Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss, the MHRA sets forth the process completed by the MCHR for the issuance of a right-to-sue letter in response to a complaint of unlawful discrimination. R.S.Mo. §213.111. Once the MCHR issues the right-to-sue letter, an MHRA claim may be brought. *Public School Ret. System of the School Dist. of Kansas City v. MCHR*, 188 S.W.3d 35, 43 (Mo. App. W.D. 2006). However, it is a well-recognized precedent that the issuance of the right-to-sue, although a prerequisite, is <u>not</u> a jurisdictional requirement. *Id.* at 44; *King v. Continental Electric, Inc.*, 2006 WL 1153800 (E.D. Mo. May 1, 2006); *Vankempen v. McDonnell Douglas Corp.*, 923 F.Supp. 146, 149 (E.D. Mo. 1996); *Rippee v. WCA Waste Corp.*, 2010 WL 816625 (W.D. Mo. Mar. 4, 2010); *Davis v. Bemiston-Carondelet Corp.*, 2006 WL 1722277 (E.D. Mo. June 20, 2006). **Because the right-to-sue is not jurisdictional, both federal courts in Missouri have found that a failure to obtain the right-to-sue can be <u>cured</u> after a complaint has already been filed with the court.** *Vankempen*, 923 F.Supp. at 149 (E.D. Mo. 1996) (motion to dismiss denied where later obtaining the right-to-sue cured plaintiff's MHRA action); *Clayton v. Speed Emissions, Inc.*, 2012 WL 1253066 (E.D. Mo. Apr. 13, 2012) (MHRA claims were not dismissed as the failure to yet obtain the MCHR right-to-sue was curable); *Rippee*, 2010 WL 816625 (W.D. Mo. Mar. 4, 2010) (motion to dismiss denied where plaintiff later obtained the MCHR right-to-sue and subsequently amended the petition); *King*, 2006 WL 1153800 (E.D. Mo. May 1, 2006) (same); *Hodges v. Cottage Hill Apartments*, 2005 WL 2233121 (W.D. Mo. Sept. 13, 2005) (same); *Davis*, 2006

WL 1722277 (E.D. Mo. June 20, 2006) (motion to dismiss denied where plaintiff was actively trying to obtain MCHR right-to-sue letter after bringing claims under the MHRA).

Once cured, courts have found that "because [a] plaintiff's action was on file when [s]he received the right-to-sue letter, [s]he meets the MHRA requirement that suit be filed within ninety days after receipt of notice of right to sue." *Vankempen*, 923 F.Supp. at 149. While courts have dismissed lawsuits or claims brought under the MHRA for lack of a right-to-sue, it was only due to the plaintiff making <u>no</u> attempt to cure the defect and obtain the letter. *See Whitmore v. O'Connor Management Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) (while possible to cure after litigation began, plaintiff made no attempt to do so); *Simmons v. Directory Distributing Assocs.*, 2005 WL 2033426 (E.D. Mo. Aug. 22, 2005) (while plaintiff could have cured the defect by obtaining the letter, he did not do so).

### B. Analysis

Removal on this basis is not warranted here, as Plaintiff has received her MCHR Right to Sue, therefore curing the defect. Ex. A. As described in *Vankempen*, receipt of the MCHR Right to Sue cures the defect. Further, because Plaintiff's lawsuit was on file when she received her MCHR Right to Sue, she meets the MHRA requirement that the lawsuit be filed within ninety days after receipt of notice of right to sue. Therefore, Plaintiff has cured the defect present in her original Petition. Regardless, lack of an MCHR Right to Sue, not present here, is no basis for removal. Accordingly, this issue is moot and this lawsuit should be remanded back to the 16th Circuit Court of Jackson County, Missouri.

7

Case 4:17-cv-00873-DGK   Document 16   Filed 11/15/17   Page 7 of 11

### III. Diversity Jurisdiction Does Not Exist In This Case As Porter Is Not An "Improper" Defendant, Therefore This Case Should Be Remanded.

#### A. Legal standard

This Court only has jurisdiction in the event that complete diversity exists between the parties. 28 U.S.C. § 1332(a). Furthermore, an action may not be removed where a properly joined and served defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). This Court is one of limited jurisdiction. Removal statutes are strictly construed, and any doubt about the propriety of removal are to be resolved in favor of remand. *New v. Hunter's View, Ltd.*, 2007 WL 1040926, at *1 (E.D. Mo. Apr. 4, 2007) (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*

Where a removing party has alleged that a party has been fraudulently joined to defeat diversity, the removing party "has the burden of proving the joinder is fraudulent." *Dumas v. Patel*, 317 F.Supp.2d 1111, 1113 (W.D. Mo. 2004). In doing so, Defendants must show Plaintiff filed a frivolous or illegitimate claim against Porter solely to prevent removal. *Junk v. Terminix Int'l Co.*, 336 F.3d 439, 445 (8th Cir. 2010). Conversely, Porter is *not* fraudulently joined if there is an arguably reasonable basis for predicting that the state law *might* impose liability based on the facts alleged. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (9th Cir. 2007) (emphasis added).

In making a determination, "the Court should resolve all facts and ambiguities in the current controlling substantive law in [Plaintiff's] favor[;]" further, "**the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply remand the case and leave the question for the state court to decide.**" *Filla*, 336 F.3d at 811 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1997)) (emphasis added); *see also, Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1031-32 (E.D. Mo. 2004). Finally, if any doubts remain, those **doubts should be resolved in favor of remand**. *Junk*, 628 F.3d at 446; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

### B. Analysis

Defendants also argue that Defendant Porter is a "sham" defendant, and further alleging he was fraudulently joined for the purpose of defeating diversity jurisdiction. Doc. 1, ¶¶15-25. However, Porter was, at all times pertinent to this action, an employee of at least one of the named company Defendants and a supervisor to Plaintiff. Under the pre-amended MHRA, Porter is considered an "employer" for the purposes of the law, as he acted directly in the interest of Defendants. R.S.Mo. § 213.010(7). It is well established that individual liability can be imposed where the individual either oversaw or was involved in the discriminatory conduct. *Reed v. McDonalds Corp.*, 363 S.W.3d 134, 139 (Mo. App. E.D. 2012); *Brady v. Curators of the Univ. of Mo.*, 213 S.W.3d 101, 113 (Mo. App. E.D. 2006). Porter, a Missouri resident, was also properly served. Further, claims under the MHRA are founded on state law, and as such this Court does not have original jurisdiction. *See Jones v. Valspar Corp.*, 2011 WL 3358141, at *2 (W.D. Mo. Aug. 3, 2011).

Defendants' additional basis for claiming fraudulent joinder is that no possible cause of action has been stated against Porter. Doc. 1, ¶¶15-16. While Plaintiff has previously shed light on the legal disputes arising from Defendants allegations for dismissal and removal, what remains is a factual dispute as to whether liability might be imposed upon Porter. As there is a specific provision in the Missouri Statutes that allow the imposition of individual liability, and as there are factual and legal ambiguities as to whether Porter was properly named, Porter was clearly not fraudulently joined, and remand is appropriate.

Plaintiff properly placed Porter on notice of the potential for involvement in this litigation by sufficiently describing the complained of actions in the administrative complaint and subsequently properly named Porter in the lawsuit. Ex. B; Doc. 1-2, p. 2-14. Here, Plaintiff's charge of discrimination specifically references the age discrimination Plaintiff endured due to Porter and company Defendants, the associational claims Plaintiff states due to the direct actions of Porter and Defendants towards Plaintiff's applicants and co-workers which Plaintiff adamantly opposed, and the complaints Plaintiff made to both Porter and named company Defendants regarding the discrimination and retaliation occurring in the workplace. Ex. B. These facts are sufficient to not only give notice to Porter that he would be considered a charged party under Plaintiff's charge of discrimination, but also that Plaintiff has properly asserted valid claims against Porter that may entitle Plaintiff to damages.

## **CONCLUSION**

Plaintiff respectfully requests this Court grant her Motion to Remand the case back to the 16th Circuit Court of Jackson County, Missouri.

Dated: November 15, 2017                            Respectfully submitted,

                                                    **BCU Law Offices, LLC**

                                                    /s/ *Bailey McCurley*
                                                    Bailey McCurley #69220
                                                    Brandon D. Burkhart #65815
                                                    4743 Troost Avenue
                                                    Kansas City, Missouri 64110
                                                    (816) 945-6467
                                                    bailey@bculegal.com
                                                    brandon@bculegal.com
                                                    ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2017, a copy of the foregoing was filed electronically via the Court's electronic filing system which will send a notice of electronic filing to the following counsel of record:

   Kyle B. Russell
   Phillip C. Thompson
   ATTORNEYS FOR DEFENDANTS


                                                    /s/ *Bailey McCurley*
                                                    ATTORNEY FOR PLAINTIFF